# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

United States of America,

    Plaintiff,

-v-                                            Case No. 2:11–cr–35

Todd Allen Lamb, *et al.*                Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

Defendant Todd Lamb moves to dismiss the indictment, ECF No. 82, and for a bill of particulars on all counts, ECF No. 11. The relevant facts are set out in the contemporaneous Order on Defendants' motion to suppress, ECF No. 154.

## I. MOTION TO DISMISS INDICTMENT

On February 15, 2011, Karen Henry Lamb ("Karen") testified before the Grand Jury. Assistant United States Attorney Dale Williams ("Williams") told Karen she was there only in a representative capacity, as the document custodian for Almite Services Inc. Williams, however, asked Karen several questions about her personal knowledge of the criminal activity of her husband, Todd Lamb ("Todd"). Todd contends that this activity violated his "spousal immunity privilege" and requests that the entire indictment be dismissed. Mot. Dismiss 1, ECF No. 82.

In *Trammel v. United States*, the Supreme Court of the United States outlined the two types of spousal immunity: the spousal testimony privilege and confidential marital communications. 445 U.S. 40 (1990). The spousal testimony privilege belongs to the witness-spouse alone, and therefore, Todd had no right to prevent Karen from testifying

against him as a general proposition. *See United States v. Hadley,* 431 F.3d 484, 508 (6th Cir. 2005) (citing *Trammel*, 445 U.S. at 53). The marital communications privilege allows a defendant spouse to "exclude testimony of a witness spouse concerning confidential marital communications." *U.S. v. Howard*, 216 F. App'x 463, 471 (6th Cir. 2007).

Even though Todd came up several times during Karen's testimony, the testimony Karen was compelled to give did not relate to marital communications. Williams asked Karen to identify Todd's signature on documents several times and asked whether she was aware of e-mail correspondence between Todd and a customer. Tr. Grand Jury Testimony 26, 35, 36, 41, 54. Williams also asked Karen whether she would be surprised to learn certain equipment was stolen and whether she had "any idea" about Sandor Fenyes, Daniel Huffman, or Todd engaging in the sale of stolen property in interstate commerce. Tr. Grand Jury Testimony 48–49. Karen denied knowing anything about criminal activity. *Id.* Finally, Williams asked Karen whether there was ever a Federal Firearms licenses in the name of Almite Services, Inc.—which she did not know—and whether Todd was President of Almite when he signed a federal firearms application—which she chose not to answer. Tr. Grand Jury Testimony 52, 56. In sum, nothing indicates Karen answered a question with information learned through a marital communication.

Furthermore, even if Todd's privilege regarding marital communications had been violated by Karen's testimony, dismissal of the indictment would not be the appropriate remedy. The United States Court of Appeals for the Sixth Circuit has

recently held evidence collected in violation of non-constitutional privileges, such as the spousal testimonial privileges, is not subject to suppression and therefore would not undermine an indictment partially based on such evidence. *U.S. v. Warshak*, 631 F.3d 266, 294–95 (6th Cir. 2010). Accordingly, Defendant's motion to dismiss, ECF No. 82, is **DENIED**.

## II. BILL OF PARTICULARS

Todd requests a bill of particulars on every count of the indictment. Although the motion was filed in regards to the initial indictment, and a superceding indictment was filed less than a month later, the Defense has persisted in its request for a bill of particulars on each count.

The Sixth Circuit summarizes the standards applicable to a motion for a bill of particulars as follows:

> Rule 7(f) states that "the defendant may move for a bill of particulars." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to inform the defendant of the charges against him "if this is necessary to the preparation of the defense, and to avoid prejudicial surprise at the trial." 1 Charles Alan Wright, Federal Practice & Procedure § 129 (3d ed. 1999); *see United States v. Birmley,* 529 F.2d 103, 108 (6th Cir. 1976). Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise. *See* Federal Practice & Procedure § 129. The bill of particulars is not intended as "a means of learning the government's evidence and theories." *Ibid.* A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial. *See United States v. Largent,* 545 F.2d 1039, 1043 (6th Cir. 1976); *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993). Nor is the Government required to furnish the names of all other co-conspirators. *See United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004).

*United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008); *see also United States v. Phillips*, Case No. 1:11–cr–180, 2011 WL 3704114, at *2–5 (N.D. Ohio Aug. 22, 2011). In determining whether to order the Government to provide a bill of particulars, the Court may consider such factors as "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information otherwise available to the defendants." 1 Charles Alan Wright, Federal Practice & Procedure § 130 (4th ed. 2009).

The first five Counts specify the five machine guns which Todd allegedly illegally possessed. Count Six alleges that on or about June 12, 2006, Todd lied on a Bureau of Alcohol, Tobacco, Firearms and Explosives application. Counts Seven through Nine specify pieces of equipment and date ranges during which Todd allegedly stole them. Count Ten is a charge of conspiracy to steal and transport vehicles across state lines, which specifies several overt acts in furtherance of the conspiracy. Count Eleven accuses Todd and Karen of willfully and knowingly devising a scheme to defraud and obtain money and property through consignments and auction sales. Count Twelve alleges Todd and Karen transmitted a specific copy of a check that was supposedly sent to a customer, but was never sent. Counts Thirteen and Fourteen only implicate Karen.

The Court holds that each of these counts allows Todd to prepare his defense and is specific enough to avoid prejudicial surprise at trial. In addition, the parties have exchanged the required discovery which has supplemented the proof and clarified the issues raised in the indictment. Finally, the Court held a four-day suppression hearing

Case No. 2:11–cr–35

Page 4 of 5

in which more details of the charges came to light. Accordingly, Todd has sufficient notice of the charges against him so that he can adequately prepare a defense.

Todd also argues that a bill of particulars is in order to limit the government to what it stated in the indictment. Although, "[w]hen a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified," limiting the government's case is not necessarily one of the purposes of a bill of particulars. *U.S. v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). Even without a bill of particulars the Government will be limited by the indictment. Accordingly, Todd is not entitled to a bill of particulars on the indictment and his motion, ECF No. 11, is **DENIED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**